UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARLO BLOCKER,

                      Plaintiff,

v.

SOUTHPORT CORRECTIONAL FACILITY,
CORRECTIONAL OFFICER PETER
MASTRANTONIO, AND CORRECTIONAL
OFFICER ROBERT MURPHY,

                      Defendants.

Case #12-CV-6211-FPG

DECISION AND ORDER

    Currently before the Court are two motions: a Motion to Dismiss filed by Defendants, and a Motion to Amend the Complaint filed by Plaintiff. Dkt. ##14, 21. For the following reasons, the Motion to Dismiss is DENIED WITHOUT PREJUDICE, and the Motion to File an Amended Complaint (Dkt. #21) is GRANTED.

    The Complaint in this case alleges that Plaintiff was subjected to excessive force by Defendants Mastrantonio and Murphy while he was in their custody at the Southport Correctional Facility, and seeks damages as a result of these allegations. Dkt. #1. The action was brought under 42 U.S.C. § 1983, and the Complaint alleges that the complained of actions violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution. *Id.*

    Defendants have moved to dismiss the Complaint, arguing that the Fourth Amendment is generally not applicable to convicted prisoners, *see Graham v. Connor*, 490 U.S. 386, 295 (1989), and that while the Fourteenth Amendment provides a right to be free from the use of excessive force, it generally only applies in the non-prisoner context, *see, e.g., Johnson v.*

*Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 251 (2d Cir. 2001). Although Defendants implicitly concede that this action could have been properly brought under the Eighth Amendment, they correctly point out that the Eighth Amendment is not cited as a basis for the action in the Complaint. Defendants further argue that the action cannot proceed against Southport Correctional Facility or the individual Defendants in their official capacities, as those claims would be barred by the Eleventh Amendment. *Id.*

In response, the Plaintiff seeks leave to amend his Complaint, and proposes to name the Superintendent of Southport Correctional Facility in place of Southport Correctional Facility itself, and also to clarify that a violation of his Eighth Amendment rights is indeed the basis for this action. Dkt. #21. Defendants have not opposed the Motion to Amend the Complaint.

The Court is mindful that the original Complaint was drafted by Plaintiff's then-counsel, Christina A. Agola, who was subsequently suspended from the practice of law by the Appellate Division of the New York State Supreme Court, Fourth Department, as well as by this Court and the United States Court of Appeals for the Second Circuit. Plaintiff is now proceeding *pro se*, and his Motion to Amend the Complaint seeks to correct the errors made by his former counsel.

It is well settled that "when a party requests leave to amend his complaint, permission generally should be freely granted." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (citation omitted); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). As such, I find that Plaintiff's unopposed Motion to Amend the Complaint should be granted, so that Plaintiff may clarify the Defendants whom he is suing, and also to clarify the basis for his action.

Plaintiff is advised that an amended complaint is intended to completely replace the prior complaint in the action. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir.

1998) (quotation omitted). Therefore, Plaintiff's amended complaint must include all of the allegations against each of the Defendants regarding the claims he seeks to raise, so that the amended complaint may stand alone as the sole complaint in this action which the Defendants must then answer.

However, I will add one word of caution. Plaintiff may not add the Superintendent of Southport Correctional Facility simply because he has a high level position in that facility, nor because he is the supervisor of the named Defendants. Rather, the Superintendent may only be named if he was personally involved in the alleged violations. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). In *Colon*, the Second Circuit found that a supervisory defendant could be held liable for a constitutional violation committed by a subordinate if: (1) the supervisor participated directly in the alleged constitutional violation; (2) the supervisor, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the supervisor created a policy or custom under which the unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the supervisor was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the supervisor exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. *Id.*

I will also forewarn Plaintiff that any allegations must be supported by specific facts to support the plausibility of such a claim. The Supreme Court has explained that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, "where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation marks and citation omitted). A pleading that consists of

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor will a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Since the outstanding Motion to Dismiss is directed at the original Complaint, and given that Plaintiff has been granted leave to amend, the Motion to Dismiss (Dkt. #14) is denied without prejudice to renewal after an amended complaint has been filed.

## CONCLUSION

For all of the foregoing reasons, Defendants Motion to Dismiss the Complaint (Dkt. #14) is DENIED WIHTOUT PREJUDICE, and Plaintiff's Motion to File an Amended Complaint (Dkt. #21) is GRANTED. Plaintiff is directed to file his amended complaint within thirty days of the date of this order.

IT IS SO ORDERED.

Dated: August 8, 2014
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge